IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CELSO DURAN JUAREZ, 1412653, | ) | |
|     Petitioner, | ) | |
| v. | ) | No. 3:08-CV-533-M |
| | ) | ECF |
| MICHAEL MUKASEY, ET AL., | ) | |
|     Respondents. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this action has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: Petitioner filed this petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition, however, challenges an order of removal. The Court therefore construes this petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"). Respondents are United States Attorney General Michael Mukasey, the Bureau of Immigration and Customs Enforcement and Nathaniel Quarterman, Director of the TDCJ. The Court has not issued process in this case.

Findings and Conclusions: Petitioner is currently in state custody. The Bureau of Immigration and Customs Enforcement, however, has placed a detainer on Petitioner and seeks to deport him once his state sentence is served. Petitioner seeks to challenge the reinstatement of

his final removal order. This Court, however, does not have jurisdiction to hear Petitioner's challenge to the removal order.

The Real ID Act of 2005, part of the "Emergency Supplemental Application Act for Defense, The Global War on Terror, and Tsunami Relief, 2005," P.L. 109-13, 2005 HR 1268, 119 Stat. 231, was enacted on May 11, 2005. Section 106 of the REAL ID Act amends § 242(a) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1252 (2000), by adding, *inter alia,* the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

REAL ID Act § 106(a)(5).

Section 106(b) of the REAL ID Act states:

The amendments made by subsection (a) shall take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division.

REAL ID Act § 106(b).

Petitioner filed this petition on March 27, 2008 – after the provisions of the REAL ID Act became effective. He is challenging the validity of his removal order. The provisions of the REAL ID Act, therefore, require this Court to dismiss the petition for lack of jurisdiction.

RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition be dismissed for lack of jurisdiction.

Signed this 25th day of June, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).